DICKINSON WRIGHT PLLC
Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Kerry E. Kleiman, Esq.
Nevada Bar No. 14071
3883 Howard Hughes Parkway, Suite 800
Las Vegas, NV 89169
Tel: 702-550-4400
Fax: 844-670-6009
Email:  CAlexander@dickinsonwright.com
Email:  KKleiman@dickinsonwright.com

RESNICK & LOUIS, P.C.
Randall Tindall, Esq.
Nevada Bar No. 6522
Carissa Yuhas, Esq.
Nevada Bar No. 14692
8925 West Russell Road, Suite 220
Las Vegas, NV 89148
Tel: 702-997-3800
Fax: 702-997-3800
Email: rtindall@rlattorneys.com
Email: cyuhas@rlattorneys.com

*Attorneys for Defendant, Circa Resorts, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARTRAIL ROBINSON,<br><br>                              Plaintiffs,<br><br>vs.<br><br>CIRCA RESORTS LLC, a domestic corporation; BRENDAN CASTILLIO, Security Investigator for the CIRCA property; DOE BUSINESS ENTITIES 2 through 10; DOE INDIVIDUALS 2 through 50, inclusive, in their individual and official capacities,<br><br>                              Defendants. | Case No.:  2:21-cv-01646-ART-BNW<br><br>**STIPULATED PROTECTIVE ORDER** |

Defendant CIRCA HOSPITALITY GROUP III, LLC, improperly named in the Complaint as Circa Resorts LLC, by and through its counsel of record, the law firms Dickinson

1

Wright PLLC and Resnick & Louis, P.C., and Plaintiff MARTRAIL ROBINSON, by and through his counsel of record, Robert S. Melcic (hereafter each referred to as "Party" and collectively as the "Parties") hereby stipulate that discourse and discovery activity in the above-captioned action (the "Action") may involve the production of confidential, proprietary, trade secret, or private information for which special protection from public disclosure would be warranted. Accordingly, the Parties stipulate to the following Stipulated Confidentiality and Protective Order ("Protective Order").

1. Any party to this litigation, and any third-party (a "**Designating Party**"), shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under federal or Nevada Law (hereinafter referred to as "**Confidential Information**"). A document containing such Confidential Information shall be so designated by stamping the word "**Confidential**" at the top of each page or in an equally conspicuous location.

2. A Designating Party may designate testimony provided or other information disclosed during a deposition as Confidential by so indicating in said response or on the record at the deposition. Additionally, a Designating Party may designate in writing, within twenty (20) days after the receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential. Any other Party may object to such proposal, in writing or on the record, and upon such objection, the Parties shall follow the procedure set forth below.

3. All Confidential Information produced or exchanged in the course of this case shall only be used by the Party or Parties to whom the information is produced solely for the purpose of this case, unless the Parties agree otherwise in writing.

4. The confidential information that will be disclosed may contain Protected Health

Information ("PHI") and individually identifiable health information that may be protected from unauthorized disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the privacy regulations promulgated thereunder (45 C.F.R. § et seq.).

5. In addition to all other provisions herein with respect to Confidential Information, and in accordance with 45 C.F.R. 164.512(e)(1)(v), each Party and any Non-Party subject to this Order, hereby stipulates and agrees as follows with regard to PHI:

　　a. All "covered entities" and "business associates" of covered entities, as those terms are defined by 45 CFR 160.103, are hereby authorized to disclose protected health information to all attorneys now of record in this matter or who may become of record in the future of this litigation. The parties and their attorneys shall be permitted to use the protected health information in any manner that is reasonably connected with the above-captioned litigation. Any protected health information disclosed or produced under this Qualified Protective Order shall be deemed to have been produced as required by law.

　　b. The parties will not use or disclose protected health information produced or otherwise obtained during the course of the above-captioned litigation for any purpose other than the prosecution or defense of the litigation, including any appeals of this case and including any attempts to seek or obtain indemnification, contribution, or insurance coverage arising out of payments made or liabilities incurred as a result of the litigation. "Prosecution or defense of the Litigation" includes, but is not necessarily limited to, disclosure to attorneys involved in the litigation, experts, consultants, arbitrator personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation.

6. Confidential material, and the contents of Confidential material, may be disclosed only to the following individuals under the following conditions:

　　a. Counsel for a party, including outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel;

　　b. Outside experts or consultants retained for purposes of this action, provided they have signed a Non-Disclosure Agreement in the form attached hereto as Ex.A;

　　c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

　　d. The Court and court personnel;

　　e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

　　f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, members of a

       document review team, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided the vendor's representative and/or each member of the document review team has signed a Non-Disclosure Agreement in the form attached hereto as Exhibit A, which counsel for the party retaining the vendor(s) shall be obligated to retain and make available to all other parties and/or their counsel upon request.

    g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

7. Any persons receiving Confidential Information pursuant to the terms of this Order shall not disclose or discuss such information to or with any person not entitled to receive Confidential Information under this Protective Order.

8. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue. Unless otherwise permitted by statute, rule or prior Court order, papers to be filed with the Court which include Confidential Information shall be filed under seal and accompanied by a contemporaneous motion for leave to file those documents under seal.

9. A Designating Party may designate as Confidential any materials produced by the other Party or in response to a third-party subpoena by providing written notice to all Parties of the bates numbers (or other sufficiently particular identifying information) for all such Confidential documents within thirty (30) days after receiving such documents or materials. A document may lose its confidential status if it is made public by the Designating Party.

10. If a Party contends that any material is not entitled to Confidential treatment, such Party may at any time give written notice to the Designating Party. The Designating Party shall have fourteen (14) days from the receipt of such written notice to either remove the Confidential designation or apply to the Court for a protective order. The Designating Party has the burden of establishing that the document or information is entitled to protection.

11. Notwithstanding any challenge to the designation of material as Confidential, all documents or information initially designated as Confidential shall be treated as such and shall be subject to the provision hereof unless and until one of the following occurs:

    a. The Designating Party withdraws such designation in writing; or

    b. The Designating Party fails to apply to the Court for a protective order within fourteen (14) days after receipt of a written challenge to such designation; or

    c. The Court rules the material is not confidential.

12. All provisions of this Protective Order restricting communication or use of Confidential Information shall continue to be binding after the conclusion of this Action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a Party in the possession of Confidential Information, other than that which is contained in a pleading, correspondence, and deposition transcripts, shall, within thirty (30) days of the conclusion of the Action (including any appeals) either (a) return such documents or information to counsel for the Designating Party, or (b) destroy such documents and information and provide counsel for the Designating Party with written certification of such destruction. Counsel for any Party to this Action may retain Confidential Information in their files in accordance with the relevant rules of professional responsibility, provided the safeguards and requirements of this Protective Order are followed.

13. In the event additional persons or entities become parties to this Action, none of such parties' counsel or experts shall have access to Confidential Information produced by or obtained from any designating and receiving Party until that newly-added party has executed and filed with the Court its agreement to be fully bound by this Protective Order.

14. Inadvertent failure to designate information as Confidential shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such information as Confidential. The Party receiving such supplemental written notice shall thereafter mark and treat materials so designated as Confidential and such materials shall be fully subject to this Protective Order as if they had been initially so designated. A Party who has already disclosed information that is subsequently designated Confidential shall in good faith assist the designating Party in retrieving such information from all recipients not entitled to

5

receive Confidential Information under the terms of this Protective Order and prevent further disclosures except as authorized under the terms of this Protective Order.

15. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

16. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written notice to the Parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

Dated this 25th day of July, 2022.

**DICKINSON WRIGHT PLLC**

 */s/ Kerry E. Kleiman*
Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Kerry E. Kleiman, Esq.
Nevada Bar No. 14071
3883 Howard Hughes Pkwy, Suite 800
Las Vegas, Nevada 89169

RESNICK & LOUIS, P.C.
Randall Tindall, Esq.
Nevada Bar No. 6522
Carissa Yuhas, Esq.
Nevada Bar No. 14692
8925 West Russell Road, Suite 220
Las Vegas, NV 89148
Tel: 702-997-3800
Fax: 702-997-3800

*Attorneys for Defendant Circa Resorts, LLC*

Dated this 25th day of July, 2022.

**THE LAW OFFICES OF ROBERT S. MELCIC**

 */s/ Robert S. Melcic*
Robert S. Melcic, Esq.
Nevada Bar No. 14923
3315 E. Russell Rd., Suite A4-271
Las Vegas, NV 89120
*Attorney for Plaintiff*

<u>**ORDER**</u>

**IT IS SO ORDERED**

**DATED:** 3:35 pm, July 26, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**