|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |
| * * * | |

Martrail Robinson,

           Plaintiff,

  v.

Circa Resorts LLC, et al.,

           Defendants.

Case No. 2:21-cv-01646-ART-BNW

**Order**

### I.    Factual and Procedural Background

Robinson, Plaintiff, alleges in his complaint that he is a disabled veteran and utilizes a service dog. While at Circa Resort's swimming pool on May 16, 2021, Circa security guards asked him to leave the premises. Robinson was told that the service dog bit a server. Robinson contends that as he was exiting the premises, a Circa employee told him that the biting incident had been fabricated to make Robinson leave the premises.

On May 25, 2021, Robinson went back to Circa and spoke to Castillo, one of the security guards. Robinson asked Castillo to review the tape to see if the dog had in fact bitten anyone. Robinson contends the tape was never reviewed and that it may have been destroyed.

The complaint, filed September 7, 2021, names two defendants, Circa and Castillo. It includes several counts, including violations of the Americans with Disability Act.

Service of the complaint was executed on Defendants Circa and Castillo on November 1, 2021. ECF Nos. 7, 8.

In the instant motion, Circa appears on behalf of Castillo for the limited purpose of quashing service on Castillo and/or dismissing the case against Castillo. ECF No. 15. Robinson opposed, arguing that Circa cannot seek relief on Castillo's behalf and that, in any event, service on Castillo was proper. ECF No. 21. Circa replied at ECF No. 26, and Robinson filed a sur-reply at ECF No. 27-1.

## II. The Parties' Positions

Circa argues that it can make a limited appearance and seek to quash service on Castillo even if it is not appearing as counsel for Castillo. Circa does not develop this argument much, although it cites to *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), for the proposition that a party can challenge service of process without formally appearing.

Next, Circa explains that service on Castillo was effectuated by serving the summons on Susan Atkinson, who cannot accept service on behalf of Castillo unless Castillo authorized her to accept service of process on his behalf. The same argument applies to Susan Hitch, on whose behalf Susan Atkinson accepted service.

Circa also explains that Castillo is no longer working for Circa—and was not working for it at the time the complaint was served. Further, as far as Circa knows, Castillo is not aware of this lawsuit. Circa is intervening to avoid any prejudice it might suffer if a default is entered against Castillo while Circa litigates the case on the merits. As a result, Circa moves to quash service on Castillo and dismiss the action under Fed. R. Civ. P. 12(b)(5).

Robinson argues, on the one hand, that Circa cannot intervene on behalf of Castillo. In this vein, he argues that Castillo has not consented to the representation by Circa's counsel. On the other hand, he appears to take the position that the Court should proceed as if Circa were representing him. Lastly, Robinson argues that, under Nevada law, a party can only assert its own rights and cannot raise the claims of a third party that is not before the court. According to Robinson, Circa is intervening in the hopes that the case will be dismissed against Castillo and that the statute of limitations will bar him from re-filing certain claims.[1]

As for service, Robinson's counsel explains that he had been in communications with Susan Hitch, Circa's CFO, who implied that she could accept service on behalf of both Circa and Castillo. Atkinson accepted service on Hitch's behalf. This, in Robinson's view, constitutes proper service. In any event, to the extent there was an issue with service, Robinson contends it

---

[1] The Court understands that Robinson takes a different position regarding the statute of limitations on certain claims and invites the Court to provide some insight on the matter. The Court will only address issues when squarely before it and will not otherwise "provide guidance."

was only a technical defect. Thus, Robinson argues, given the flexibility of Fed. R. Civ. P. 4 and the lack of any prejudice to Castillo, the motion should be denied.

**III.    Analysis**

"[A] party generally must assert his own legal rights and interests." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (internal quotation omitted). *Kowalski* explains that this rule is not absolute, but the decision does not analyze whether one party can seek relief for another *party*. Here, Circa hardly developed the issue—citing only to *Benny v. Pipes*, 799 F.2d 489 (9th Cir. 1986), which fails to address whether Circa can invoke the rights of Castillo. Thus, the Court will not permit Circa to seek relief on behalf of Castillo.

Nevertheless, Robinson failed to establish proper service on Castillo. As applicable here, Fed. R. Civ. P. 4(e)(1) and 4(e)(2)(C) required Robinson to either follow state law or deliver a copy of the summons and complaint to "an agent authorized by appointment or by law to receive service of process." Robinson—who bears the burden—has not demonstrated that either rule has been satisfied. *See Patel-Julson v. Paul Smith Las Vegas, Inc.*, No. 2:12-CV-01023-MMD, 2013 WL 1752897 * 2 (D. Nev. Apr. 23, 2013). First, he does not discuss whether service complies with state law. In addition, he has not demonstrated that Castillo authorized Hitch to accept process on his behalf.[2] *See National Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 313–315 (1964) (an agent authorized "by appointment" is a person appointed by the defendant for the purpose of receiving process on his or her behalf). Lastly, Robinson has not established that Hitch is an agent authorized by law to accept service on behalf of Castillo. Here, there is no evidence that Castillo has notice of the suit. This is insufficient service of process under Rule 4. *See Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (Although "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," neither "actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.") (internal quotation and citation omitted).

---

[2] The Court rejects any notion that Hitch (or Circa for that matter) bore any responsibility to educate Robinson on the requirements of Rule 4.

Rather than recommend to the district judge that Castillo be dismissed, the Court will instead quash service *sua sponte*. *See Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976) (the district court has discretion to dismiss an action or to quash service); *Grundy v. Skolnick*, 2011 WL 1299614 (D. Nev. Mar. 31, 2011) (dismissing claims *sua sponte* under Rule 12(b)(5) for failure to serve).

Having decided to quash service, the next question is whether to extend the time to accomplish service under Rule 4(m). Rule 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir.2003). Rule 4(m) does not tie the hands of the district court after the 90–day period has expired. *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003). Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint. *Id*.

Considering the foregoing standards, the Court finds that an extension of time to effectuate service is appropriate. Robinson shall have until December 28, 2022 to effectuate service on Castillo.

**IT IS THEREFORE ORDERED** that Defendant Circa's motion at ECF No. 15 is DENIED.

**IT IS FURTHER ORDERED** that service of the summons and complaint on Defendant Castillo is quashed under Federal Rule of Civil Procedure 12(b)(5).

**IT IS FURTHER ORDERED** that Robinson must serve Castillo no later than December 28, 2022.

DATED: November 28, 2022

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE