UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARTRAIL ROBINSON,<br><br>          Plaintiff,<br>     v.<br><br>CIRCA RESORTS, LLC; BRENDAN CASTILLIO, *et al*,<br><br>          Defendants. | Case No. 2:21-cv-01646-ART-BNW<br><br>ORDER |

*Pro se* Plaintiff Martrail Robinson sues Circa Resorts, LLC, ("Circa") and Brendan Castillio, an employee of Circa, and several Doe Defendants under the Americans with Disabilities Act ("ADA") and several state law claims. Now pending before the Court are Defendants' Motions for Summary Judgment on Plaintiff's suit. (ECF Nos. 63, 65.) For the reasons stated, the Court dismisses all claims against Brendan Castillio and Doe Defendants under Fed. R. Civ. P. 4(m), grants Circa's motion for summary judgment on Plaintiff's ADA claim and declines jurisdiction for remaining state law claims.

**I.     BACKGROUND**

Mr. Robinson ("Plaintiff") is a Nevada resident and veteran of the Afghan war who requires a service dog ("Onyx") to enjoy public accommodations. (ECF No. 1.) Circa operates the Circa Stadium Swim Area ("Stadium Swim"), a part of the Circa Hotel and Casino. (*Id.*) On May 16, 2021, Onyx bit a Circa employee while Plaintiff was visiting Stadium Swim. (ECF No. 63.) Several days later, Circa denied Onyx entry to Stadium Swim because of the previous bite. (*Id.*) Plaintiff filed the underlying complaint on September 7, 2021, alleging Circa illegally discriminated against him by failing to accommodate Onyx. (ECF No. 1.)

Plaintiff has been unable to prosecute his claim due to difficulties securing counsel. Plaintiff's original counsel, Robert Sean Melcic, withdrew in December

2022. (ECF No. 41.) Magistrate Judge Brenda Weksler granted Plaintiff's motion for appointment of counsel on March 30, 2023. (ECF No. 55.) Despite its efforts, however, the Federal Court Pro Bono Program has been unable to locate pro bono counsel.

After Judge Weksler gave notice of an intent to dismiss claims against Brendan Castillio on January 18, 2023 (ECF No. 43), Defendant Circa moved for summary judgment for all claims on February 2, 2023 (ECF Nos. 44, 45).

On June 3, 2024, this Court ordered Plaintiff to respond to Defendants' motions for summary judgment by June 24, 2024. (ECF No. 84.) Plaintiff filed a non-responsive "Motion to Speak to Judge" on July 15, 2024. (ECF No. 86.) The Court denied this motion and gave Plaintiff thirty days from July 16, 2024, to respond to Defendant's pending motions for summary judgment. (ECF No. 87.) More than thirty days have elapsed without Plaintiff having filed a response, and the Court must now adjudicate Defendant's motions for summary judgment.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To

defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). The Court views the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

## III. DISCUSSION

### A. Claims Against Non-Moving Defendants

Fed. R. Civ. P. 4(m) requires dismissal against defendants who have not been served within 90 days of filing the complaint. Plaintiff has not shown service on Defendants Brendan Castillio and Doe Defendants. (*See* ECF No. 43.) Accordingly, the Court dismisses these claims without prejudice.

### B. ADA Claim Against Circa

When a party fails to respond to a motion for summary judgment, the moving party will win judgment on all claims for which the movants have shown the lack of a genuine issue of material fact for trial. Defendant Circa has met that burden on the question of Plaintiff's ADA claim.

The ADA requires public accommodations to make reasonable modifications in policies, practices, or procedures as necessary to permit people with disabilities access to the same goods, services, or facilities. 42 U.S.C. § 12182(b)(2)(A)(ii). To make an ADA claim, a plaintiff must show (1) disability as defined by the ADA, (2) that defendant owns, leases, or operates a place of public accommodation, and (3) that the plaintiff was denied access to public accommodations by the defendant because of that disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). For the third element, denial of access includes refusing to make reasonable accommodations or modifications regarding the use of a service animal by a person with a disability. 28 C.F.R. § 36.302(c)(1). "[P]ublic accommodations are not required to admit any animal whose use poses a direct threat." 28 CFR Appendix A to Part 36.

Plaintiff cannot establish a viable ADA claim because there is no genuine issue of material fact as to whether Onyx posed a direct threat. Plaintiff has produced no evidence beyond the allegations in his complaint to support his complaint. Defendant has provided surveillance video showing that Onyx approached a Circa employee, sworn testimony of the same Circa employee saying that Onyx bit her, and other evidence establishing that Onyx bit that Circa employee. (*See* ECF No. 63.) Circa has also established that it only refused Onyx entry to Circa, not Plaintiff. (*Id.*) Without evidence or responsive pleading from Plaintiff, Defendant has met its burden to show there is no genuine issue of material fact for trial. The Court therefore grants summary judgment for Defendant Circa for Plaintiff's ADA claim.

### C. Remaining State Law Claims Against Circa

Plaintiff established jurisdiction in this case solely under federal question jurisdiction, 8 U.S.C. § 1331, via his ADA claim. Both Plaintiff and Defendant Circa appear to be citizens of Nevada. (*See* ECF No. 1.) Plaintiff's remaining claims arise under Nevada law. "Ordinarily, 'if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.'" *S. California Edison Co. v. Orange Cnty. Transportation Auth.*, 96 F.4th 1099, 1109 (9th Cir. 2024) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); 28 U.S.C. § 1367(c).

This Court declines to exercise supplemental jurisdiction over remaining state law claims under 28 U.S.C. § 1367(c)(3) and dismisses the remaining claims accordingly.

//
//
//
//
//

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Brendan Castillio and Doe Defendants be dismissed without prejudice under Fed. R. Civ. P. 4(m).

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (ECF No. 63) is GRANTED on Plaintiff's ADA Claim (Count One).

IT IS FURTHER ORDERED that all remaining claims against Defendant Circa be dismissed without prejudice for lack of jurisdiction.

The Clerk of the Court is directed to enter judgment accordingly.

DATED THIS 28th day of August 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE