UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARTRAIL ROBINSON,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>CIRCA RESORTS, LLC; BRENDAN CASTILLIO, *et al*,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:21-cv-01646-ART-BNW<br><br>ORDER Re: Motions to Reconsider and Reopen Case<br>(ECF Nos. 90, 94, 97) |

　　　*Pro se* Plaintiff Martrail Robinson sued Circa Resorts, LLC, ("Circa"), Brendan Castillio—an employee of Circa, and several Doe Defendants under the Americans with Disabilities Act ("ADA") and several state laws. The Court dismissed Robinson's claims against Castillo and Doe Defendants under Federal Rule of Civil Procedure 4(m), entered summary judgment in favor of Circa on Robinson's ADA claim, and dismissed Robinson's state claims without prejudice for lack of jurisdiction.

　　　Following this order, Robinson moved "to overturn and dismiss all motions" and schedule a status conference with the Court and Defendants to review motions filed since July 2024 because Robinson had not been receiving case-related mail since then. (ECF No. 90) He then moved to overturn and dismiss the Court's last order, (ECF No. 94), and to reopen the case based on a scheduled appointment with a Department of Veterans Affairs lawyer (ECF No. 97).

　　　The Court construes Robinson's filings as a motion to reconsider its previous entry of judgment. A motion for reconsideration after final judgment may be brought under Federal Rule of Civil Procedure 59(e). *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)). "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is

an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc). "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e).

Robinson's filings make no mention of newly discovered evidence, clear error in the Court's previous order, or an intervening change in controlling law. (*See* ECF Nos. 90, 94, 97.) Accordingly, the Court lacks a basis to reconsider its final judgment on Robinson's ADA claim, dismissal of Robinson's state law claims, and denial of Robinson's request for a status conference, and it will not disturb its previous order.

The Court denies Robinson's motions (ECF Nos. 90, 94, 97).


DATED THIS 9th day of July 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE